

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:03-CR-232(11)** |
| | § | |
| **JOHN DARRELL GORDON** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States

alleges that the defendant, John Darrell Gordon, violated conditions of supervised release imposed

by United States District Judge Marcia A. Crone. The United States Probation Office filed its

*Petition for Warrant or Summons for Offender Under Supervision* (doc. #604) requesting the

revocation of the defendant's supervised release. The Court conducted a hearing on August 11,

2015, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was

present and represented by counsel at the hearing. Having heard the evidence, this court factually

finds that the defendant has violated conditions of supervision and recommends that such violation

warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.     That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.     That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

**STATEMENT OF REASONS**

**A.  Procedural History**

On November 1, 2004,  The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas, sentenced Mr. Gordon after he pled guilty to the offense of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, a Class A felony.  Judge Crone sentenced the defendant to 135 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, co-defendant restriction and a $100 special assessment.  On August 9, 2013, John Darrell Gordon  completed his period of imprisonment and began service of the supervision term.

**B.  Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following mandatory condition of his supervised release:

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.*

Specifically, the petition alleges that on May 7, 2014, John Darrell Gordon submitted a urine specimen which tested positive for methamphetamine

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the case proceeded to a final hearing, the Government would present evidence to establish that Mr. Gordon was placed on supervised release as part of his original sentence and a condition of that supervision he was directed to refrain from the unlawful use of a controlled substance. The Government would establish through verified evidence that John Darrell Gordon submitted a urine specimen for testing on May 7, 2014, which yielded a positive test result for methamphetamine.

Defendant, John Darrell Gordon, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he used a controlled substance in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by using a controlled substance. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G.

§ 7B1.3(a)(2).

Based upon the Defendant's criminal history category of II and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 4 to 10 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is five (5) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is five years to life. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(A).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v.*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).  Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.  See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions.  Mr. Gordon pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release.  The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **four (4) months** imprisonment.

The Court further recommends that, upon his release from prison, the defendant serve a new term of **supervised release of four (4) years and six (6) months**.  The new term of supervision should be subject to the mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction.  The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke. Finally, pursuant to the parties' agreement, the Court further recommends that as an additional special condition of supervision, upon his release from prison the defendant be ordered to serve **180 days community corrections/halfway house time**.  The revocation judgment should include that special condition as follows:

"*defendant shall reside in and participate in the community corrections component of a*

*Community Corrections Center, as instructed by the probation office, or until successfully discharged by the center director, but no longer than 180 days from admission. You shall abide by all rules and regulations of the center and be required to pay subsistence.*"

The parties agreed to the imposition of this additional special condition to address Mr. Gordon's ongoing problem with illegal narcotics. The record evidence supports this recommendation and justifies the imposition of this new special condition.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 12nd day of August, 2015.**

–6–

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE