# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:03-CR-232-11 |
| | § | |
| JOHN DARRELL GORDON | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 26, 2016, alleging that the Defendant, John Darrell Gordon, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

John Darrell Gordon was sentenced on November 1, 2004, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of conpiracy to possess with intent to distribute 500 grams or more of methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of II, was 135 to 168 months. Gordon was subsequently sentenced to 135 months' imprisonment followed by 5 years of supervised release, subject to the standard conditions of release, plus special conditions to include: drug testing and treatment; financial disclosure; and avoiding contact with co-defendants.

## II. The Period of Supervision

On July 9, 2013, Gordon completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas. On August 31, 2015, Gordon pled true to the allegation that he violated the mandatory condition that he refrain from any unlawful use of a controlled substance and submit to drug testing, so his supervised release was revoked. The penalty range for this Grade C violation was 4 to 10 months' imprisonment, and the Court sentenced Gordon to only 4 months' imprisonment to be followed by 4 years and 6 months supervised release subject to the standard conditions of release, plus the same special conditions as previously imposed and one additional condition that he reside in a community corrections center for no longer than 180 days. However, for several reasons, probation requested that the Court rescind the community corrections condition, which it did on December 9, 2015.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on January 26, 2016. The petition alleges that Gordon violated the conditions of his supervised release in the following ways: 1) he was arrested for manufacture/delivery of a controlled substance in violation of his mandatory condition that he not commit another crime; 2) he drug tested positive for amphetamine and methamphetamine in violation of his mandatory condition that refrain from any unlawful use of a controlled substance; and 3) he failed to attain gainful employment in violation of his standard condition that he work regularly at a lawful occupation.

## IV. Proceedings

On February 1, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant

violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the second allegation that he failed to refrain from any unlawful use of a controlled substance. The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of ten (10) months' imprisonment, with thirty-six (36) months of supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class A felony; therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Gordon violated conditions of supervision by failing to refrain from any unlawful use of a controlled substance, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates

upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the Court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is five years to life. Gordon should serve thirty-six (36) months of supervised release upon release from imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide

   the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(a)(6).

6.  The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's second allegation that he violated a mandatory condition by failing to refrain from any unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. §§ 3583(e). The Defendant's violation is a Grade C violation, and his criminal history category is II. The guideline imprisonment range is 4 to 10 months. The Defendant did not comply with the conditions of his supervision and has demonstrated an unwillingness to adhere to conditions of supervision. Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of deterrence and rehabilitation along with the aforementioned statutory sentencing factors

will best be served by a sentence of ten (10) months' imprisonment, with thirty-six (36) months of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated a mandatory condition of release by failing to refrain from any unlawful use of a controlled substance. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of ten (10) months' imprisonment, with thirty-six (36) months of supervised release to follow. Gordon is subject to the same standard, mandatory and special conditions of supervised release that were previously ordered. In addition, it is recommended that the Defendant complete his term of imprisonment at the Federal Correctional Institution in Texarkana.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy

of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of February, 2016.

_____
Zack Hawthorn
United States Magistrate Judge